The document below is hereby signed.

Signed: August 14, 2019



_S. Martin Teel Jr_

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
VINCENT L. PHILLIPS,           )    Case No. 19-00450
                               )    (Chapter 7)
              Debtor.          )    Not for publication in
                               )    West's Bankruptcy Reporter.

<u>MEMORANDUM DECISION AND ORDER IMPOSING THE AUTOMATIC STAY IN PART</u>

Pursuant to the oral decision at the hearing of August 13, 2019, on the debtor's _Motion to Invoke Automatic Stay in Case Filed Within One Year After Dismissal of Two Prior Bankruptcy Cases_ (Dkt. No. 25), and for reasons discussed below, the court will impose the automatic stay in part in this case. Under 11 U.S.C. § 362(c)(4), the court "may" impose the automatic stay in this case, upon the debtor's showing that he filed the case in good faith, and the court thus has discretion upon such a showing regarding the extent to which to impose the automatic stay. Even though the debtor filed this case in good faith, I am limiting the imposition of the automatic stay in three ways.

First, one property was already the subject of a postpetition foreclosure sale auction, and there is no reason to

stay the completion of the proceeding in the Superior Court of the District of Columbia to secure approval of that foreclosure sale.

Second, I am imposing a condition regarding keeping current on postpetition payments on any debt secured by a security interest in any real property of the debtor. The debtor has moved to convert the case to Chapter 13 of the Bankruptcy Code (11 U.S.C.)[1] but has not submitted a copy of any plan he would pursue in Chapter 13. In ruling on the *Motion to Invoke Automatic Stay* at the hearing, I assumed the debtor would propose in a Chapter 13 case to maintain payments on mortgages, and cure them over time. I felt that given the debtor's long history of failing prepetition to make mortgage payments on most of his properties, failure of the debtor to keep current postpetition on any mortgage would warrant the automatic stay not being in place as to enforcement of the mortgage. There is a theoretical possibility that the debtor (or the trustee, if the case stays in or ends up in Chapter 7) might be able to sell some properties and generate a surplus for unsecured creditors or (in Chapter 13) a surplus for the debtor. The debtor failed at the hearing to show that he intended under a Chapter 13 plan to attempt to sell any property as part of a plan or, if the case stayed in Chapter

---

[1] It is uncertain whether the debtor meets the secured debt limitation of 11 U.S.C. § 109(e) in order to be entitled to proceed in a Chapter 13 case.

7, that the trustee in the Chapter 7 case intended to sell any real property in an effort to generate a surplus for unsecured creditors. The Chapter 7 trustee did not participate in the hearing, apparently believing that the case would be converted to Chapter 13. Without an adequate showing that there will be an effort to sell any property, the imposition of the automatic stay as to a real property ought to be conditioned on the postpetition periodic payments on the property being kept current.

Third, if the case stays in Chapter 7, and a property has ceased to be estate property, whether by way of abandonment or an exemption claim becoming effective, the automatic stay against enforcing a lien against the property ought not apply. If a property has been fully exempted, the trustee in a Chapter 7 case would not be able to sell the property for the benefit of creditors, and a debtor has no tools under the Bankruptcy Code in a Chapter 7 case to protect any equity the debtor has in fully exempted or abandoned real property. In contrast, the debtor has an interest in any efforts of the Chapter 7 trustee to sell non-exempt real property that might generate a sufficient surplus to pay unsecured creditors in full and then leave some proceeds for the debtor.

It is thus

ORDERED that the automatic stay is not imposed with respect to the proceeding to complete the postpetition foreclosure sale

of the debtor's real property located at 427 Mellon Street, S.E., Washington, D.C. (conducted when no automatic stay was in place), to intervention of any lienor in that proceeding and assertion by such lienor of rights in that proceeding, and to efforts of the purchaser incident to the foreclosure sale to obtain possession of the property upon the foreclosure sale being completed. It is further

ORDERED that except as set forth in the preceding paragraph, the automatic stay of 11 U.S.C. § 362(a) shall take effect in this case upon entry of this order, but subject to the conditions set forth in the next paragraph and in the concluding paragraph of this order. It is further

ORDERED that with respect to any debt secured by a security interest (any mortgage, deed of trust, and so forth) on a real property, if the debtor fails to pay any periodic payment that comes due postpetition by the deadline for paying such payment without incurring any late-payment fee, the holder of the security interest may file a notice of default, and if the debtor fails to cure the default within 14 days after filing of the notice of default, the automatic stay shall no longer apply, without the necessity of a further order from the court, to enforcement of the security interest and to efforts to obtain possession of the property by the successful purchaser at any foreclosure sale. It is further

ORDERED that the foregoing paragraph is stayed for 21 days (to permit the Chapter 7 trustee to weigh in on this matter) and is without prejudice to the trustee's or the debtor's filing a motion to modify this order, in regard to that paragraph, on the basis that the trustee or the debtor is or promptly will be undertaking genuine efforts to sell the property at issue and that there is equity in the property (the issue of equity in the property being one upon which the lienor shall bear the burden of proof as under 11 U.S.C. § 362(g)(1)) that could be realized by such a sale for the benefit of the estate or (in Chapter 13) for the benefit of the debtor, and that the substantial equity adequately protects the holder of the security interest. It is further

ORDERED that if the debtor's motion to convert this case to Chapter 13 is denied, the case remains in Chapter 7, and the entirety of a real property becomes non-estate property by reason of abandonment or an exemption claim becoming effective, the automatic stay shall not apply to enforcement of any lien against that real property as non-estate property.

[Signed and dated above.]

Copies to: Recipients of e-notifications of orders; entities on the BNC mailing list.