The document below is hereby signed.

Signed: August 14, 2019



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| VINCENT L. PHILLIPS, | ) | Case No. 19-00450 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
REQUIRING DEBTOR TO SHOW CAUSE WHY HIS MOTION
TO CONVERT TO CHAPTER 13 OUGHT NOT BE DENIED AND SETTING
AN EVIDENTIARY HEARING ON THE MOTION IF ONE PROVES NECESSARY

The debtor filed a motion to convert this case to Chapter 13.[1]  Under § 109(e), a debtor may be a debtor in a Chapter 13 case only if the debtor owes on the petition date "noncontingent, liquidated, secured debts of less than $1,257,850."  In the debtor's prior case, Case No. 19-00002, proofs of claims were filed asserting secured claims as follows:

---

[1] At a hearing of August 13, 2019, on the debtor's motion under 11 U.S.C. § 362(c)(4) to impose the automatic stay, Wells Fargo questioned the debtor's eligibility under 11 U.S.C. § 109(e) to be a debtor in a Chapter 13 case, and the Chapter 13 trustee or creditors could raise that issue if the case were converted to Chapter 13.  However, the motion to convert was not being heard at that hearing.

| Collateral | Secured Claim Asserted | |
|---|---|---|
| Pa. Ave. | $324,035.71 | (Old Line Bank) |
| Ord Street | $59,210.54 | (Wells Fargo) |
| Forrester St. | $280,575.56 | (Wells Fargo) |
| Ord Street | $226,663.03 | (Wells Fargo) |
| 30th Street | $420,730.73 | (Wells Fargo) |
| Mellon Street | $135,390.62 | (Wells Fargo) |
| Mellon Street | $91,177.08 | (Bank of New York Mellon) |
| Total | $1,537,783.27 | |

The debtor indicated in the hearing of August 13, 2019, noted in footnote 1, that except for mortgage payments to Old Line Bank, he had failed to make mortgage payments on his other secured debts for 16 months prepetition.  Those other secured debts should thus stand at the petition date at more than the amounts claimed in the prior case.  Old Line Bank has filed a claim in this case showing that it was owed $305,225.54 on the petition date, $18,810.17 less than it claimed on its proof of claim in the prior case.

By reason of 11 U.S.C. § 506(a), there may be one other appropriate adjustment in the debtor's favor in applying § 109(e).  The debtor's schedules list values for his real properties.  With one exception, each of those values exceeds the amount of the secured debt listed above regarding that property.  The exception is the 30th Street property that the debtor values at $250,120, which is less than the secured debt asserted in the prior case of $420,730.73.  Under § 506(a), the 30th Street secured claim would be limited to $250,120, if the debtor's value of the property is used, and the other claims asserted as secured

claims would be in their entirety secured claims.[2]

Even with Old Line's secured claim limited to $305,225.54 as asserted on its proof of claim in this case and the 30th Street secured claim limited to $250,120 (the debtor's valuation of that property), the secured claims in this case should stand, as of the petition date, at in excess of $1,348,362.37 based on liens on the other properties having increased in amount from the amounts listed below that were asserted on proofs of claim in the prior case:

| Collateral | Secured Claim Asserted | |
|---|---|---|
| Pa. Ave. | $305,225.54 | (Old Line Bank) |
| Ord Street | $59,210.54 | (Wells Fargo) |
| Forrester St. | $280,575.56 | (Wells Fargo) |
| Ord Street | $226,663.03 | (Wells Fargo) |
| 30th Street | $250,120.00 | (Wells Fargo) |
| Mellon Street | $135,390.62 | (Wells Fargo) |
| Mellon Street | $91,177.08 | (Bank of New York Mellon) |
| Total | $1,348,362.37 | |

That $1,348,242.37 amount exceeds the $1,257,850 secured debt

---

[2] In the debtor's prior case, the Chapter 13 trustee moved to dismiss on the basis that the secured claims in the case stood at $1,367,052.54. That amount equals the amount derived when the amounts of the secured claims that were asserted are adjusted by limiting the 30th Street lien to $250,000. However, the Chapter 13 trustee did not explain how she derived the $1,367,052.54 amount.

limitation under § 109(e).[3]

The debtor noted in his motion to impose the automatic stay that his secured debts have been reduced because the Mellon Street property was sold at a foreclosure sale. However, that sale occurred postpetition. The secured debt limit in § 109(e) is tested as of the petition date, and under 11 U.S.C. § 348(a), the conversion of a case to another chapter "does not effect a change in the date of the filing of the petition . . . ."

It is thus

ORDERED that by August 21, 2019, the debtor shall file a writing showing cause why his motion to convert this case to Chapter 13 ought not be denied, and, if the motion to convert to Chapter 13 is not disposed of beforehand, an evidentiary hearing on the motion to convert to Chapter 13 will be held on September 4, 2019, at 10:30 a.m.

[Signed and dated above.]

Copies to: Recipients of e-notifications of orders; entities on the BNC mailing list.

---

[3] As to the § 109(e) issue, the debtor's schedules regarding the secured claims against the debtor are not helpful. They fail to list the secured claims against the Ord Street property; understate (in comparison to Old Line's proof of claim in this case) the amount of the Old Line mortgage on the Pennsylvania Avenue property; list the Forrester Street lien at an amount less than the amount Wells Fargo claimed in the prior case; list Wells Fargo as having a $59,129.00 secured claim against the Pennsylvania Avenue property when Wells Fargo has not claimed such a lien interest; and do not list the liens on the Mellon Street property.

4