The order below is hereby signed.

Signed: July 20 2020



```
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge
```

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
VINCENT L. PHILLIPS,           )   Case No. 19-00450
                               )   (Chapter 11)
            Debtor.            )   Not for publication in
                               )   West's Bankruptcy Reporter.
```

## MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S MOTION TO RECONSIDER ORDER DENYING MOTION TO QUASH U.S. BANK'S NOTICE OF TERMINATION OF THE AUTOMATIC STAY

On May 28, 2020, the court entered an *Order Denying Debtor's Motion to Quash U.S. Bank's Notice of Termination of Automatic Stay* (Dkt. No. 179) based on the debtor's failure timely to comply with the court's order of May 12, 2020 (Dkt. No. 159). On June 7, 2020, the debtor filed a *Motion for Reconsideration* of that Order (Dkt. No. 191). Creditor U.S. Bank Trust, N.A. as Owner Trustee ("U.S. Bank") has filed an *Objection to Debtor's Motion to Reconsider* (Dkt. No. 193).

The debtor filed his motion within 14 days after entry of the court's order denying his *Motion to Quash*. Accordingly, the motion will be considered under Fed. R. Civ. P. 59(e), made applicable by Fed. R. Bankr. P. 9023. Under Rule 59(e), a court

may reconsider a final order if the "court finds that there is an intervening change of controlling law, the availability of new evidence, or to correct a clear legal error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Such motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).

The debtor contends that he timely complied with the court's order of May 12, 2020, but he plainly did not. The points debtor raises include one that U.S. Bank will not accept his attempts to make payments on the loan secured by the Ord Street property. Mot. ¶ 13. U.S. Bank confirms that it will not accept the debtor's payments. Obj. ¶ 40. However, the court's *Order Denying Debtor's Motion to Quash* stated that "U.S. Bank . . . is free to withdraw its *Notice of Termination of Automatic Stay* in exchange for whatever consideration it is willing to accept from the debtor (for example, the debtor's bringing current his postpetition payments on the loan held by U.S. Bank)." It follows that U.S. Bank was and is under no obligation to do so. Thus, U.S. Bank's refusal to accept further payments cannot be cause for reconsideration.

It is

ORDERED that the debtor's *Motion for Reconsideration* (Dkt.

No. 191) is DENIED.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); Recipients of e-notification of orders.